UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| **ANGIE MARALENE GONZALES LOPEZ** <br><br> Petitioner, <br><br> -against- <br><br> **DONALD J. TRUMP**, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; **PATRICIA HYDE**, IN HER OFFICIAL CAPACITY AS ACTING BOSTON FIELD OFFICE DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS; **DAVID W. JOHNSTON** ; **VERMONT SUB-OFFICE DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT**, ENFORCEMENT AND REMOVAL OPERATIONS; **TODD M. LYONS**, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; **PETE R. FLORES**, IN HIS OFFICIAL CAPACITY AS ACTING COMMISSIONER FOR U.S. CUSTOMS AND BORDER PROTECTIONS; **KRISTI NOEM**, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; **MARCO RUBIO**, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE; **PAMELA BONDI**, IN HER OFFICIAL CAPACITY AS U.S. ATTORNEY GENERAL; AND **JONATHAN TUREK**, SUPERINTENDENT, CHITTENDEN REGIONAL CORRECTIONAL FACILITY. <br><br> Respondents. | Case No. <br><br> **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER** |

## INTRODUCTION

1. Petitioner Angie Maralene Gonzales Lopez ("Miss Gonzales Lopez" or 'Petitioner") is twenty-four-year-old asylum seeker and resident of Hartford, Connecticut from Peru.

2. Petitioner is currently being held in ICE's custody in the District of Vermont at Chittenden Regional Correction Facility.

3. Miss Gonzalez Lopez was detained during her regularly scheduled ICE check-in on or around October 30, 2025. She was brought from Connecticut, where she has been attending all of her immigration court dates and ICE check-ins, to Chittenden Regional Correctional Facility.

4. As of October 31, 2025, she remains in booking due to overcrowding.

5. She wishes to continue pursuing her humanitarian relief in the United States as she has done so far by attending all scheduled appointments and court dates and filing her I-589 Application for Asylum and for Withholding of Removal. [1]

6. Because the government has demonstrated a pattern and practice of removing detainees from Vermont, particularly to states as far away as Louisiana and Florida, Petitioner moves for an immediate Temporary Restraining Order ("TRO") ordering that the government not move Petitioner out of this District pending further order of the Court.

7. Even if the Court does not believe such an order is necessary on the grounds of preserving jurisdiction, Petitioner still moves for an immediate TRO ordering that the Government not move her out of this District based on the inherent equitable powers of this Court, and the breadth of the All-Writs Act. 28 U.S.C. § 1651.

8. Petitioner being kept in this District will assist her in consulting with her Vermont based attorneys and allow her to appear in Court on her petition for writ of habeas corpus being filed concurrently with this motion in the United States District Court for the District of Vermont. The requested TRO is consistent with both principles of judicial efficiency and the principles of any court entertaining a petition for writ of habeas corpus. 28 U.S. Code

---

[1] Petitioner's immigration counsel intends to submit a signed declaration detailing her experience as soon as possible. Because Petitioner is subject to imminent interstate transfer, this motion is being submitted on an emergency basis without delay

§ 2243 ("Unless the application for the writ and the return present only issues of law the person to whom the writ is directed *shall be required to produce at the hearing the body of the person detained…*" (emphasis added)).

9. If Petitioner is transferred out of the District, it is likely to cause delays in the proceedings due to lack of access to counsel as well as increase costs and time constraints at any necessary hearings. Petitioner cannot be ensured a meaningful opportunity to have her claims heard, have meaningful access to counsel, or be provided meaningful relief if she is transferred out of this District. As such, a TRO is necessary to preserve the Court's jurisdictional authority to hear Petitioner's claim and consider the relief sought before this Court. Without a TRO, Habeas will be rendered ineffective as it leaves open the door for the government to enact the very harm the petition seeks to avoid.

10. Accordingly, Petitioner moves that this Court, to preserve its jurisdiction over the attached Petition pursuant to the equitable powers of the Court and the All-Writs Act, 28 U.S.C. § 1651 (*see F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966)), immediately order that Miss Gonzalez Lopez not be removed from the United States, or moved outside of the territory of the District of Vermont, pending further order of this Court.

11. As set forth in the Petition, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2241, Article I, §9, cl. 2 (the Suspension Clause), 28 U.S.C. § 2201 (Declaratory Judgement), the All-Writs Act, 28 U.S.C. § 1651. It is appropriate for the Court to preserve such jurisdiction by ordering that the Petitioner remain in this district pending further action by the Court.

Respectfully submitted this 1st day of November 2025.

        /s/ Nathan Virag
        **Nathan Virag, Esq.**
        Association of Africans Living in Vermont
        20 Allen Street FL 3
        Burlington, Vermont 05401
        802-373-8055
        Virag.nathan@gmail.com
        Counsel for Petitioner