UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ANGIE MARALENE GONZALES )
LOPEZ, )
 )
    Petitioner, )
 )
v. ) Case No. 2:25-cv-863
 )
DONALD J. TRUMP, in his official )
capacity as President of the United States, )
PATRICIA HYDE, in her official capacity )
as Acting Boston Field Office Director, )
Immigration and Customs Enforcement, )
Enforcement and Removal Operations, )
DAVID W. JOHNSTON, in his official )
capacity as Vermont Sub-Office Director of )
Immigration and Customs Enforcement, )
Enforcement and Removal Operations, )
TODD M. LYONS, in his official capacity )
as Acting Director, U.S. Immigration and )
Customs Enforcement, PETE R. FLORES, )
in his official capacity as Acting )
Commissioner for U.S. Customs and Border )
Protection, KRISTI NOEM, in her official )
capacity as Secretary of the U.S. )
Department of Homeland Security, MARCO )
RUBIO, in his official capacity as Secretary )
of State, PAMELA BONDI, in her official )
capacity as U.S. Attorney General, )
JONATHAN TUREK, in his official )
capacity as Superintendent, Chittenden )
Regional Correctional Facility, )
 )
Respondents. )

**ORDER ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**
**(Doc. 2)**

This case concerns the detention and removal of Petitioner Angie Maralene Gonzales

Lopez, who is a citizen of Peru. She was recently arrested by Immigration and Customs

Enforcement ("ICE") in the wake of an arrest for driving under the influence in Connecticut in August 2025. She is detained at the Chittenden Regional Correctional Facility in South Burlington, Vermont. (*See* Doc. 1.) On November 1, 2025, she filed a petition for a writ of habeas corpus with this court (Doc. 1), along with an emergency motion for a temporary restraining order ("TRO") (Doc. 2). The court issued an ex parte order on the TRO after hours on November 1, 2025, ordering that Petitioner remain within Vermont and scheduling today's hearing. (Doc. 3.)

At the hearing, Petitioner through counsel sought to extend the TRO during the pendency of the case. The government objected, principally on the ground that Petitioner's presence in the state is no longer necessary to preserve the court's jurisdiction and that Petitioner is unlikely to succeed on the merits of her claim.

The principal issue in the case is whether Petitioner is entitled to an administrative bond hearing before an immigration judge.

The court set the following briefing schedule:

1. The Government shall file a motion to dismiss or similar motion addressing the merits of the petition on or before Friday, November 7, 2025.

2. Petitioner shall file a response on or before Friday, November 14, 2025.

The court will either schedule a further hearing or issue an order on the papers.

With respect to the temporary restraining order, the court is persuaded that Petitioner has demonstrated a sufficient basis to extend the order beyond 14 days to Friday, November 21, 2025. The TRO is limited to the issue of keeping Petitioner within the District of Vermont while this case is before the court. Because this case was filed on an emergency basis, the court has not

had time to schedule a full preliminary injunction hearing with sufficient notice to the parties to allow for witness testimony (if desired) or briefing. For this reason, the court will extend the TRO and wait to hear from the parties whether the briefing schedule outlined above is sufficient to make the case for and against issuance of a preliminary injunction or whether an additional hearing is required.

In extending the TRO, the court applies the same criteria that govern issuance of a preliminary injunction. These include a first look at the issues of threat of irreparable harm to the petitioner; the balance between this harm and potential injury to the Government; likelihood of success on the merits; and the public interest. *See Widakuswara v. Lake*, 773 F. Supp. 3d 46, 53 (S.D.N.Y. 2025) ("The standards for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 are identical." (cleaned up)).

On the limited record, the court finds that Petitioner has demonstrated a threat of irreparable harm if she is removed from Vermont. Her removal will interrupt her communications with her attorneys and any opportunity to attend court hearings. These are important values whose loss cannot be overcome by substitutes like phone calls. The balance of hardships and public interest can be considered together. *See Saget v. Trump*, 375 F. Supp. 3d 280, 339–40 (E.D.N.Y. 2019) (stating that, when the government is a party in a lawsuit, "'the Government's interest *is* the public interest,' [so] the balance of the hardships and public interest merge as one factor" (quoting *New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 673 (S.D.N.Y. 2019)). Since Respondents are government officials, their interest in detaining and removing Petitioner is the public interest. The government identifies no particular need to move Petitioner out of state beyond a general interest in efficiency and planning for detention needs. Finally, Petitioner is likely to succeed on the merits of her claim to a bond hearing before an

immigration judge. In similar cases across the United States, federal courts have been close to unanimous in requiring the government to provide civil detainees in Petitioner's position with an opportunity to make their case for release before an immigration judge.[1] The issue remains controversial, and the court looks forward to briefing from both sides.

For these reasons, the court EXTENDS the temporary restraining order to Friday, November 21, 2025. The court ORDERS that Petitioner shall remain detained within the District of Vermont and shall not be moved out of the district absent further order of the court.

Dated at Burlington, in the District of Vermont, this 4th day of November, 2025.

Geoffrey W. Crawford, Judge
United States District Court

---

[1] *See, e.g., Lopez Benitez v. Francis*, --- F. Supp. 3d ----, 2025 WL 2371588 (S.D.N.Y. 2025); *Samb v. Joyce*, No. 25 Civ. 6373, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025) (slip opinion); *Doe v. Moniz*, --- F. Supp. 3d ----, 2025 WL 2576819 (D. Mass. 2025); *Leal-Hernandez v. Noem*, No. 25-cv-02428, 2025 WL 2430025 (D. MD. Aug. 24, 2025); *Kostak v. Trump*, Civil Action No. 25-1093, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Rodriguez*, --- F. Supp. 3d ----, 2025 WL 2782499; *J.U. v. Maldonado*, 25-CV-4836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Mata Velasquez v. Kurzdorfer*, No. 25-cv-493, 2025 WL 1953796 (W.D.N.Y. July 16, 2025); *Lepe v. Andrews*, No. 25-cv-1163, 2025 WL 2716910 (E.D. Cal. Sep. 23, 2025).